IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| SOPHAL CHAN SOK,<br>　　　　　　*Petitioner*,<br><br>　　v.<br><br>PAM BONDI, *et al*.,<br>　　　　　　　*Respondents*. | 1:26-cv-637-MSN-WEF |

<u>ORDER</u>

Sophal Chan Sok ("Petitioner") has filed a Petition for Writ of Habeas Corpus (ECF 1) ("Petition") in which he challenges the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and his potential removal to Cambodia. He brings a claim pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) and also contends that his continued detention "without reviewing his custody under ICE policy" violates the Administrative Procedures Act and his due process rights, that his removal should be stayed, and that the Suspension Clause applies. Federal Respondents have opposed the Petition, asserting that they have recently secured a travel document to effectuate Plaintiff's removal to Cambodia and that his removal is imminent.

For the reasons that follow, the Court will DENY the Petition.

I.   **BACKGROUND**

Petitioner is a native and citizen of Cambodia. ECF 1 ¶ 8. Petitioner entered the United States as a child refugee of war in Cambodia in 1984 and was accorded lawful permanent resident status as of that time. ECF 1 ¶ 1; ECF 4-1 ¶ 6. In the 1990s, Petitioner was convicted of attempted larceny, misdemeanor hit and run, felony larceny, possession of burglary tools, and possession of a firearm by a convicted felon. ECF 4-1 ¶¶ 7-10. As a result, in April 1998, Petitioner was issued a Notice to Appear charging him with removability from the United States under 8 U.S.C. §

1227(a)(2)(A)(ii) as an alien who at any time after admission has been convicted of two or more crimes involving moral turpitude, and 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony at any time after admission. *Id*. ¶ 11. Petitioner sought asylum and withholding of removal, but in October 2000, an immigration judge denied his applications for relief and voluntary departure and ordered Petitioner removed from the United States to Cambodia. *Id*. ¶ 19. Petitioner appealed the denial, but his appeal was denied by the Board of Immigration Appeals. ECF 1 ¶ 1.

Petitioner was detained until October 25, 2001, at which time he was released from immigration custody under an order of supervision. ECF 4-1 ¶ 21. Petitioner notes that this was because in this past era, there was no repatriation agreement between the United States and Cambodia. ECF 1 ¶ 2 (also stating that "[s]ince that time, the United States and Cambodia have entered into a repatriation agreement and deportation of Cambodian nationals from the United States back to Cambodia has resumed."). Accordingly, Petitioner appeared for annual check-ins with ICE, *id*., which does not appear to have made efforts to remove Petitioner for the better part of twenty-five years. In that time, Petitioner has complied with all immigration restrictions and requirements and has built a life for himself as a law-abiding member of society in the United States, including a family with two children, one of whom is severely autistic. ECF 1 ¶¶ 32-35.

When Petitioner appeared for a check in at the ICE ERO Washington Field Office on November 11, 2025, he was served with a Notice of Revocation of Release and taken into civil immigration custody. ECF 4-1 ¶ 22; *id.* at PageID# 121, 122. He has since been detained at the Farmville Detention Center. ECF 4-1 ¶ 25.

Petitioner filed his Petition with this Court on March 4, 2026. ECF 1. The Petition asserts that he "has been held without the reasonable foreseeability of removal for more than 90 days and

2

has not been provided with any information about the possibility of his removal." *Id*. ¶ 36. It also claimed that he and others had been detained for "at least 90 days past their grants of relief without prompt individualized determinations of whether they should remain detained" such that ICE had violated its own policies, the Administrative Procedures Act, and due process under the *Accardi* doctrine.[1] *Id*. ¶ 6; *id*. ¶ 4 ("Petitioner was subject to a 90-day custody review while in detention, where he was denied release, despite a clear showing that he is not a danger to the community nor a flight risk"). At the same time, it acknowledged that Petitioner "attended a 90-day custody review where he was told by an immigration official that the paperwork required to remove [him] had been misplaced and that without this paperwork, Petitioner could not be successfully removed to Cambodia." *Id*. ¶ 27.

In response to this Court's Order of March 5, 2026, ECF 2, Federal Respondents have opposed the Petition, asserting in relevant part that Petitioner was properly detained under 8 U.S.C. § 1231, had received a custody review on February 6, 2026, at which time it was determined he would remain in ICE custody pending removal from the United States, and that the Embassy of Cambodia had issued a travel document for Petitioner's return to Cambodia on March 4, 2026, which was received by ICE on March 9, 2026. ECF 4 at 4. Additionally, Federal Respondents, while acknowledging this Court's stay, have stated that Petitioner is otherwise "currently scheduled to be removed from the United States in March of 2026" and that ICE "is ready to move forward with removal and if the Court were to lift its [stay], would send Petitioner to a staging facility to effectuate his removal to Cambodia." *Id*.; ECF 4-1 ¶¶ 28, 29.

Petitioner did not timely file, and has not filed, any reply in support of his Petition as of the

---

[1]    This statement suggests that Petitioner was granted some type of withholding from removal, although it is clear that Petitioner in fact has not received any such relief.

date of the entry of this Order.

## II.    DISCUSSION

The thrust of the Petition is that Petitioner should be released from detention (currently lasting around five months) because his removal to Cambodia is not reasonably foreseeable.

Under 8 U.S.C. § 1231, which governs the detention of noncitizens like Petitioner who have received a final order of removal, noncitizens shall be detained during a ninety-day "removal period" following their final order to effectuate their removal. After the 90-day deadline for removal, DHS may release a noncitizen subject to terms of supervision. 8 U.S.C. §§ 1231(a)(3), (6). DHS may also continue to detain a noncitizen in certain circumstances, including where the noncitizen is inadmissible or DHS determines that the noncitizen is "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *see also Castaneda v. Perry*, 95 F.4th 750, 755 (4th Cir. 2024). If DHS releases an individual, they may subsequently re-detain an individual under certain circumstances, including where necessary to enforce a removal order or where there has been a change in circumstances. *See* 8 C.F.R. §§ 241.4(*l*); 241.13(h)(i)(2).

The statute does not impose an explicit limit on how long an individual may be detained, either following the removal period or after the revocation of an order of supervision. The Supreme Court, however, has recognized that "serious constitutional concerns" would arise if § 1231 were interpreted to allow for "indefinite detention." *Zadvydas*, 533 U.S. at 682. Thus, in *Zadvydas*, the Supreme Court construed § 1231 to contain an implicit limit on terms of detention, "the application of which is subject to federal-court review." *Id.* Under *Zadvydas*, a noncitizen's detention pursuant to § 1231 is presumptively unlawful and violates due process if his detention extends for more than six months and the petitioner "provides good reason to believe that there is no significant

4

likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If a petitioner makes this showing, the burden shifts to the government to rebut the showing. *Id.* "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [will] shrink." *Id.* As jurists within this judicial district have recently recognized, "the Supreme Court in *Zadvydas* did not announce a categorical bar on challenging detention prior to six months, but rather a rebuttable presumption that 180 days of detention is reasonable. *Serpas v. Simon, et al*, No. 1:25-cv-2369-AJT-WBP, ECF 15 (E.D. Va. Feb. 3, 2026) (slip op.).

Here, however, Petitioner's *Zadvydas* claim fails. Assuming without deciding that Petitioner carried his initial burden to show that his removal is not reasonably foreseeable by pointing to an ICE official stating at his February 2026 custody review that they had lost the paperwork necessary for his removal to Cambodia, Federal Respondents have rebutted that showing by obtaining as of March 2026 a travel document for Petitioner's return to Cambodia and scheduling his imminent removal. Thus, Petitioner's removal is reasonably foreseeable, at least at this time. *Ashour v. Noem*, 2026 WL 310198, at *3 (S.D. Cal. Feb. 5, 2026) (denying petition without prejudice where respondents obtained travel document and identified flight for removal within several weeks).

Petitioner's other claims also fail. Petitioner's claim regarding ICE's adherence to its own policies does not clearly identify what policy is at issue, ECF 1 ¶¶ 47-51, but is presumably related to the custody review determination, which concluded that Petitioner was both a risk of flight and a danger to the community based on his "immigration and criminal history." *Id*. ¶ 4; ECF 4-1 at PageID# 118, 119. While the Court takes no position on whether it possesses the authority to consider this claim, Petitioner has not adequately prosecuted it to enable the Court's consideration. Similarly, as to the claims for stay of removal and to invoke the Suspension Clause, Petitioner has

5

not presented sufficient legal and factual grounds to entitle him to relief.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Petition (ECF 1) is DENIED.

**IT IS SO ORDERED.**

The Clerk is directed to forward a copy of this Order to counsel of record and to terminate

this habeas action.

/s/
_____

Michael S. Nachmanoff
United States District Judge

March 27, 2026
Alexandria, Virginia

6